## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| DEBRA M. HOSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 4:03cv141 |
| | § | |
| PEROT SYSTEMS CORP, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the above-referenced civil action, this Court having heretofore ordered this case be referred to Magistrate Judge Don Bush for all pretrial matters and for submission of a Report and Recommendation to this Court pursuant to 28 U.S.C. § 636. On March 8, 2005, the Report and Recommendation of the Magistrate Judge was entered containing his proposed findings of fact and recommendations that Defendants' Motion for Summary Judgment be granted, that Plaintiff's Motion for Partial Summary Judgment be denied, and that costs be taxed to Plaintiff.

After considering the report of the United States Magistrate Judge and making a *de novo* review of the objections raised by Plaintiff thereto, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct as to Plaintiff's claims of race discrimination and harassment, and the Plaintiff's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge on Plaintiff's claims of race discrimination and harassment as the findings and conclusions of the Court.

With respect to Plaintiff's claim of retaliation, the Court is of the opinion that issues of

fact remain that preclude summary judgment. The Court finds that the Magistrate Judge correctly applied the legal standard. The Court adopts the conclusion of the Magistrate Judge that a material issue of fact remains as to whether Hosey engaged in protected activity. Hosey testified in her deposition that she told Yvonne Jones that Angie Kelemen's treatment of Hosey couldn't be anything but racial, and that Hosey "hated to play the race card." Jones denies that Hosey ever stated that Kelemen's actions were race-related. Accordingly, an issue of fact remains as to whether Hosey engaged in a protected activity.

    The Court also finds that a fact issue exists as to whether there is a causal link between Hosey's protected activity and the adverse employment action, in this case, Hosey's termination. Summary judgment evidence exists to create a question of fact as to when Kelemen actually made the decision to terminate Hosey. While the possibility of termination was mentioned to Hosey by Nancy Piro in the March 11, 2002 meeting between Hosey, Kelemen and Piro, summary judgment evidence submitted by Hosey shows that Piro and Shanta Barber worked on a performance improvement plan ("PIP") for Hosey on March 12, 2002. Piro also testified in her deposition that she may have spoken with Kelemen about the PIP after the March 11, 2002 meeting. Rod Leddy, the individual investigating Hosey's complaints, testified that Kelemen did not make the decision to terminate Hosey until April 1 or 2, 2002. Shanta Barber testified that she attended a meeting with Kelemen, Leddy and Annette Wolfe one or two days before Hosey was terminated and that Kelemen did not make the decision to terminate Hosey until sometime after that meeting. Barber testified that during the meeting she, Leddy and Wolfe recommended to Kelemen that Hosey be placed on a PIP. The Court finds that this summary judgment evidence raises an issue of fact as to the timing of the decision to terminate Hosey.

Additionally, the Court finds that Alan Forte's deposition testimony is sufficient to raise an issue of fact as to the causal link between Hosey's alleged protected activity and her termination.  Forte testified in his deposition that Kelemen had mentioned to him that the issue with Hosey was becoming race related.  Forte did not recall whether Kelemen made the statement before or after Hosey was terminated.  Forte also testified that he had only learned that Hosey had filed a charge of discrimination with the EEOC when he spoke with Hosey's attorney a few months before his deposition in September of 2004.  The Court finds this summary judgment evidence sufficient to raise a fact issue as to the causal link between Hosey's complaint of race discrimination she allegedly made on March 11, 2002 and her termination on April 2, 2002.  Accordingly, the Court declines to adopt the recommendation of the Magistrate Judge that Defendants' Motion for Summary Judgment should be granted as it pertains to Hosey's claim of retaliation.

## Conclusion

For the foregoing reasons, the Defendants' Motion for Summary Judgment should be Granted as it pertains to Plaintiff Hosey's harassment and racial discrimination claims and Denied as it pertains to Plaintiff Hosey's retaliation claim.  Plaintiff's Motion for Partial Summary Judgment should be Denied.

It is so ORDERED.

**SIGNED this 26th day of May, 2005.**

_____
PAUL BROWN
SENIOR UNITED STATES DISTRICT JUDGE